IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

NATALIA MIXSOOKE, )
                         Plaintiff, )
vs. )
GEICO CASUALTY COMPANY, )
                         Defendant. )

COPY
Original Received
JUL 10 2012
Clerk of the Trial Courts

Case No. 3AN-12-8342 CI

## COMPLAINT

COMES NOW the plaintiff, NATALIA MIXSOOKE, by and through her attorneys, Barber & Banker, LLC, and for her complaint against defendant GEICO CASUALTY COMPANY does state and allege as follows:

1. That at all times material hereto, plaintiff was and is a resident of Anchorage, Alaska.

2. That at all times material hereto, defendant GEICO Casualty Company (hereinafter "GEICO") was and is an insurance company doing business in the state of Alaska subject to the jurisdiction of this court.

3. The defendant is liable for the facts and/or failures to act of its employees under theories of vicarious liability and/or respondeat superior and/or agency.

4. On 3/21/07, plaintiff was insured by GEICO for underinsured motorist (UIM) bodily injury coverage in the amount of $50,000 per person.

Barber & Banker, LLC
ATTORNEYS AT LAW
21 'N' Street, Suite 103
Anchorage, Alaska 99501
Telephone (907) 276-5858
Fax (907) 276-5817

5. The plaintiff was injured in a 3/21/07 auto collision caused by the negligence of an underinsured driver in Anchorage, Alaska.

6. GEICO promised to pay plaintiff the bodily injury damages caused by an underinsured motorist.

7. The plaintiff properly submitted a UIM bodily injury claim to GEICO.

8. A UIM bodily injury claim is a first-party claim.

9. The plaintiff triggered a UIM bodily injury claim pursuant to GEICO's policy.

10. The defendant is liable for past and/or future: medical expense, wage loss, diminished earning capacity, pain, suffering, disability, loss of capacity for enjoyment of life, inconvenience, physical impairment, and other non-pecuniary damages caused by the underinsured motorist, less an offset for the amount recovered from the liability bodily injury insurer, up to the limits of its UIM bodily injury policy.

11. The defendant was obligated to conduct a fair and objective evaluation of plaintiff's UIM bodily injury claim.

11. The defendant requested plaintiff to submit to a medical exam.

12. The defendant represented that the medical exam was independent.

13. At the time of defendant's request to submit to a medical exam, the company selected by the defendant performed work almost exclusively (more than 95%) for insurance companies and defense attorneys.

irber & Banker, LLC
ATTORNEYS AT LAW
21 'N' Street, Suite 103
ichorage, Alaska 99501
lephone (907) 276-5858
Fax (907) 276-5817

14. The defendant had a repeat business relationship with the medical company where it required the plaintiff to be examined.

15. The defendant either knew or should have known that the medical exam company where it required the plaintiff to be examined worked almost exclusively for insurance companies and defense attorneys.

17. The medical company utilized by defendant was biased in favor of insurance companies.

18. The defendant knew or should have known that the medical company where it required the plaintiff to be examined was biased in favor of insurance companies and against injured claimants.

19. The defendant required its employees to consider the results of a computer program which provided a range of bodily injury damages for pain and suffering.

18. The defendant's computer program provided biased results.

19. The defendant knew or should have known that its computer program produced biased results.

20. The defendant knew or should have known that different people heal differently.

21. The defendant negligently and/or recklessly and/or intentionally trained its employees who handled plaintiff's UIM bodily injury claim to adjust in a biased manner.

Mixsooke v. GEICO
2768 / 01 COMPLAINT
Page 3

irber & Banker, LLC
ATTORNEYS AT LAW
21 'N' Street, Suite 103
nchorage, Alaska 99501
lephone (907) 276-5858
Fax (907) 276-5817

22. The defendant failed to conduct a fair and objective evaluation of plaintiff's UIM bodily injury claim.

21. The defendant unreasonably indicated that plaintiff's damages owed under her UIM bodily injury coverage was $5,000 or less.

22. The plaintiff's UIM bodily injury damages are greater than $5,000.

23. Instead of paying the plaintiff the UIM bodily injury damages it adjusted, the defendant kept the money to use as leverage against the plaintiff.

24. The defendant is liable for breach of the covenant of good faith and fair dealing.

25. The defendant's conduct evidenced reckless disregard for the plaintiff's interests and/or was outrageous.

26. The defendant is liable for exemplary or punitive damages.

WHEREFORE, having fully pled plaintiff's complaint, plaintiff requests a judgment against defendant for an amount greater than ONE HUNDRED THOUSAND ($100,000.00) DOLLARS to be established by the trier of fact, plus interest, costs and attorney fees and such other relief as the court deems just.

DATED at Anchorage, Alaska this 7 day of July, 2012.

BARBER & BANKER, LLC
Attorneys for Plaintiff

By: _____
Jeffrey Barber
ABA No. 0111058

urber & Banker, LLC
ATTORNEYS AT LAW
21 'N' Street, Suite 103
Anchorage, Alaska 99501
Telephone (907) 276-5858
Fax (907) 276-5817